IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

_____

(1) STATE OF OKLAHOMA, ex. rel.,
W.A. DREW EDMONDSON,
ATTORNEY GENERAL OF OKLAHOMA,

      Plaintiff,

v.    Case No.: CIV-09-944

(1) BP AMERICA INC., (2) BP CORPORATION
NORTH AMERICA INC., and (3) BP PRODUCTS
NORTH AMERICA INC.,

      Defendants.
_____

**PLAINTIFF'S OPENING MOTION TO REMAND AND SUPPORTING MEMORANDUM OF AUTHORITIES[1]**

COMES NOW Plaintiff, State of Oklahoma, ex rel., W.A. Drew Edmondson, Attorney General of Oklahoma and files this Opening Motion to Remand And Supporting Memorandum Of Authorities, and would show unto the Court the following:

**INTRODUCTION**

On June 23, 2009, Plaintiff, State of Oklahoma, ex rel., W.A. Drew Edmondson, Attorney General of Oklahoma ("Plaintiff"), filed a petition pursuant to his *parens patriae* powers on behalf of the State only – not on behalf of any particular Oklahoma consumers – to enforce statutory prohibitions against conduct of the kind exhibited by Defendants and to recover civil penalties provided for by Oklahoma statutory law.

---

[1] Pursuant to LCvR7.1(m), Plaintiff files its motion and brief as one document.

1

On August 26, 2009, Defendants improvidently removed the case. Defendants hope to create federal jurisdiction by making this case something that it is not. As demonstrated below, the facts and case law clearly show that this case is properly brought by the Oklahoma Attorney General in a *parens patriae* capacity to protect the integrity of Oklahoma markets and to enforce the civil penalties and forfeiture provisions of the Oklahoma Consumer Protection Act.

Because there is no basis for federal diversity jurisdiction over Plaintiff's state court claims, Plaintiff hereby moves the Court for an order remanding this case to state court. For the reasons stated below, Plaintiff's motion to remand should be granted.

## **FACTS**

Plaintiff brought the instant case to enforce the civil penalties and forfeiture provisions of the Oklahoma Consumer Protection Act.[2] The present lawsuit is not brought on behalf of specific Oklahoma consumers. Plaintiff's Petition states, "Plaintiff brings this action as an arm or alter ego of the State of Oklahoma in its sovereign capacity to vindicate public rights." (Petition at ¶7, which is attached to Defendants' notice of removal.) Further, the Petition states, "This action is also not brought to recover damages or other relief that may be owed any particular individual." (Petition at ¶14.)

---

[2] Plaintiff detailed Defendants' unlawful conduct in its Petition and, for brevity's sake, incorporates those facts herein.

**ARGUMENT**

I.   **DEFENDANTS BEAR THE BURDEN OF PROVING FEDERAL JURISDICTION**

"As the parties invoking the federal court's jurisdiction in this case, defendants bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). *See also Henkel v. ITT Bowest Corp.*, 872 F. Supp. 872, 875 (D. Kan. 1994) ("The burden rests with the removing party to establish original federal jurisdiction.") (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 66 L. Ed. 144, 42 S. Ct. 35 (1921); *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994)).

Further, "[r]emoval statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand." *Henkel v. ITT Bowest Corp.*, 872 F. Supp. 872, 875 (D. Kan. 1994) (citing *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982); *J.W. Petroleum, Inc. v. Lange*, 787 F. Supp. 975, 977 (D. Kan. 1992); *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction.")).

As demonstrated below, Defendants cannot meet their burden of establishing federal jurisdiction.

## II. THE CLASS ACTION FAIRNESS ACT PROVIDES NO BASIS FOR FEDERAL JURISDICTION

Defendants' sole basis for removal is the Class Action Fairness Act ("CAFA"). Specifically, Defendants argue that (1) this case is a "mass action"; (2) the parties are diverse; and (3) the amount in controversy exceeds $5,000,000.

Contrary to Defendants' assertions, Plaintiff's case is not a mass action and the parties are not diverse. Therefore, this case is due to be remanded.

### A. Plaintiff's Case Is Not A "Mass Action"

The federal diversity jurisdiction statute defines "mass action" as follows:

> any civil action…in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).

28 U.S.C. § 1332(d)(11)(B)(i).

As stated by the statute, in order to constitute a mass action, a civil action must involve the claims of 100 or more persons. The present case does not involve the claims of 100 or more persons, and this fact is evident from a plain reading of the Petition. As discussed above, the present case only involves the claims of the State of Oklahoma – not individual Oklahoma consumers. In other words, this case is undeniably a *parens patriae* action, which Plaintiff brings pursuant to the long-recognized powers of the state to protect, *inter alia*, the integrity of its marketplace.

The United States Supreme Court has long recognized that *parens patriae* is a

fundamental element of state sovereignty. *Parens patriae* is not a class action or a mass action, but instead, is the state exercising its fundamental and sovereign rights to protect its own citizens. The Fifth Circuit, citing Supreme Court precedent, noted:

> The concept of *parens patriae* stems from the English constitutional system, where the King retained certain duties and powers, referred to as the "royal prerogative," which he exercised in his capacity as "father of the country." *Hawaii v. Standard Oil Co. of Ca.*, 405 U.S. 251, 257, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972).
>
> Historically, the term referenced the King's power as guardian over people who lacked the legal capacity to act for themselves. *Id.* The concept of *parens patriae* has also been established in this country's jurisprudence; the Supreme Court has written: "This prerogative of *parens patriae* is inherent in the supreme power of every state, whether that power is lodged in a royal person or in the legislature [and] is a most beneficent function ... often necessary to be exercised in the interest of humanity, and for the prevention of injury to those who cannot protect themselves." *Alfred L. Snapp & Son v. Puerto Rico, ex rel. Barez*, 458 U.S. 592, 600, 102 S.Ct. 3260, 73 L.Ed.2d 995.

*Caldwell,* 536 F.3d at 425.

In order for a state to properly bring a *parens patriae* case, the Supreme Court in *Snapp* wrote that the state must assert an interest that directly relates to its sovereignty or a quasi-sovereign interest. Discussing quasi-sovereign interests, the Supreme Court held "[t]hey are not sovereign interests, proprietary interests, or private interests pursued by the State as a nominal party. They consist of a set of interests that the State has in the well-being of its populace . . . ." *Alfred L. Snapp & Son v. Puerto Rico, ex rel. Barez*, 458 U.S. 592, 602 (1982). Although many *parens patriae* actions have been pursued to abate public nuisances, the Supreme Court held that "*parens patriae* interests extend well beyond the prevention of such traditional public nuisances." *Id* at 605. Discussing *parens*

5

*patriae* and quasi-sovereign interests, the Court held "the State must articulate an interest apart from the interests of particular private parties, i.e., the State must be more than a nominal party." *Id*. at 607. However, the Supreme Court reiterated that a State has "a quasi-sovereign interest in the health and *well-being-both physical and economic-of its residents in general*." *Id*. (emphasis added).

The *Snapp* Court noted as an example of a quasi-sovereign interest the case of *Pennsylvania v. West Virginia,* 262 U.S. 553 (1923). Finding an appropriate use of *parens patriae*, the Court held:

> The private consumers in each State ... constitute a substantial portion of the State's population. Their health, comfort and welfare are seriously jeopardized by the threatened withdrawal of the gasoline from the interstate stream. This is a matter of grave public concern in which the State, as representative of the public, has an interest apart from that of the individuals affected.

*Snapp*, 458 U.S. at 605 (quoting *Pennsylvania v. West Virginia*).

Another example of a quasi-sovereign interest justifying *parens patriae* is *Georgia v. Pennsylvania R. Co.*, 324 U.S. 439 (1945) in which the state of Georgia sued twenty railroads for allegedly conspiring to fix freight rates in a manner that harmed against Georgia shippers. The Court held that "[i]f the allegations of the bill are taken as true, the economy of Georgia and the welfare of her citizens have seriously suffered as the result of this alleged conspiracy . . . ." 324 U.S. at 450-51. The Court noted that such matters are "matters of grave public concern in which Georgia has an interest apart from that of particular individuals who may be affected." 324 U.S. at 451.

In the present case, Plaintiff seeks to enforce its power to police the Oklahoma Consumer Protection Act ("OCPA") – not recover damages for particular citizens.

The OCPA specifically grants authority to the Attorney General to enforce the OCPA, stating:

    A.    The Attorney General or a district attorney may bring an action:

    1.    To obtain a declaratory judgment that an act or practice violates the Consumer Protection Act;

    2.    To enjoin, or to obtain a restraining order against a person who has violated, is violating, or is likely to violate the Consumer Protection Act;

    3.    To recover actual damages and, in the case of unconscionable conduct, penalties as provided by this act, on behalf of an aggrieved consumer, in an individual action only, for violation of the Consumer Protection Act; or

    4.    To recover reasonable expenses and investigation fees.

15 O.S. § 756.1.

Section 761.1 of the OCPA further authorizes the present suit. Section 761.1(C) states, "For the purposes of this section, the district court issuing an injunction shall retain jurisdiction, and in such cases, the Attorney General, **acting in the name of the state**, or a district attorney may petition for recovery of civil penalties." (Emphasis added.) Therefore, it is clear that the Attorney General has the power and duty to police the OCPA. Moreover, a plain reading of the Petition shows that Plaintiff seeks to enforce the OCPA – not seek damages on behalf of individual consumers.

The Supreme Court, in *Snapp*, confirmed that "one helpful indication in determining whether an alleged injury to the health and welfare of its citizens suffices to give the State standing to sue as *parens patriae* is whether the injury is one that the State, if it could, would likely attempt to address through its sovereign lawmaking powers." *Snapp*, 458 U.S. at 607. This lawsuit under the OCPA fits with this holding.

Under circumstances involving a foreign corporation unlawfully engaging in business practices in a state with less residents than Oklahoma[3], a sister federal district court held, for diversity purposes, that the Attorney General has *parens patriae* standing under both Mississippi's antitrust and consumer protection laws. *Hood ex rel. Mississippi v. Microsoft Corp.* 428 F.Supp.2d 537, 544 (S.D. Miss. 2006) (finding properly alleged *parens patriae* claim because "State has a quasi-sovereign interest in the economic well-being of its citizens, which includes securing the integrity of the marketplace").

Defendants attempt to circumvent these facts by claiming that the Oklahoma Attorney General is not the real party in interest, and that the real parties in interest are Oklahoma consumers who purchased gasoline and refined petroleum products from

---

[3] A Mississippi Chancery Court addressing the authority of the Attorney General as *parens patriae* in consumer protection and antitrust cases also noted the "substantial segment of the population" test established by *Snapp*. The Court noted that a comparison cannot be drawn between cases where an attorney general represents a few or few hundred of the citizens. Citing the fact that the case involved approximately three million people, the Court had no difficulty distinguishing it. *Hood ex rel. State v. BASF Corp.*, 2006 WL 308378, 4 (Miss. Ch. 2006).

Defendants. In support of their assertion, Defendants rely predominately on a case from outside this circuit – *Caldwell v. Allstate Ins. Co.*, 536 F.3d 418 (5th Cir. 2008). Defendants' reliance is misplaced because the *Caldwell* decision is inapposite.

In *Caldwell*, the Louisiana Attorney General brought suit against private insurers for allegedly improper actions with respect to their private and individual contracts signed directly with specific citizens. *Caldwell*, 536 F.3d 418, 429 n.9 (5th Cir. 2008). Conversely, in the present case, the Oklahoma Attorney General brought suit in its *parens patriae* capacity to enforce Oklahoma's consumer protection act and police the state's economic markets, which the Oklahoma Attorney General duty is authorized by statute to do. This fact differentiates the present case from *Caldwell*. "It is the nature of the state's interest, not the remedy it seeks, that governs whether a *parens patriae* action lies." *Louisiana ex rel Ieyoub v. Borden, Inc.*, 1995 WL 59548, 4 (E.D. La. 1995).

The Fifth Circuit's opinion in *Caldwell* focused on the fact that Louisiana had not stated a proper *parens patriae* claim and that the individual policy holders to private contracts of insurance were the real parties in interest.[4] However, the holding in *Caldwell* has no applicability in the instant case. In contrast to the instant case, the *Caldwell* suit was about policyholder claims and damages arising out of private contracts

---

[4] *See Alfonso v. Hillsborough County Aviation Authority*, 308 F.2d 724, 726 (5th Cir. 1962) (jurisdiction is determined by the allegations of the complaint.) Normally piercing the pleading is only allowed "to show that the … claim has been fraudulently pleaded to prevent removal." *Alfonso*, 536 F.3d at 425. In *Caldwell*, the plaintiff failed to object to the court's piercing of the pleadings.

9

of insurance. *Caldwell*, 536 F.3d at 422.

To follow Defendant's reasoning and apply *Caldwell* to the present case would be to eviscerate the very powers granted to the Attorney General by the Oklahoma Legislature. Such a result would be unprecedented.

**B.     This Case Does Not Meet Minimal Diversity Requirements**

On the face of the complaint, there is no minimal diversity because a state is not considered a citizen for purpose of CAFA's minimal diversity requirements.[5] Thus, even assuming *arguendo* that Plaintiff sought to recover compensatory damages on behalf of individual consumers, this case would still not meet minimal diversity requirements so long as the State remains a real party in interest on **any** claim in this case. Therefore, because the State, for example, seeks to enforce civil penalties, which only the State can do, (*see* 15 O.S. § 761.1(C)), it is a real party in interest even if Oklahoma consumers were **also** found to be real parties in interest, and complete diversity would be lacking.

A sister federal district court recently analyzed an analogous situation. In *Hood, ex rel., Mississippi v. F. Hoffman-Laroche, LTD, et al.*, 2009 U.S. Dist. LEXIS 67881 (August 4, 2009 D.C. Dist. Ct.), the attorney general for the state of Mississippi brought claims against various defendants for state antitrust violations. *Hood*, 2009 U.S. Dist. LEXIS, at *2-3. The attorney general sought compensatory damages for consumers and

---

[5] *See Hood ex rel. Mississippi v. F Hoffman-Laroche, LTD, et al.*, 2009 U.S. Dist. LEXIS 67881, *21-22 (August 4, 2009 D.C. Dist. Ct.); *Hood ex rel. Mississippi v. Microsoft Corp.* 428 F.Supp.2d 537 (S.D. Miss. 2006).

10

sought to enforce civil penalties against the defendants. *Id.*, at *13-19.

The court held that while Mississippi consumers were real parties in interest for certain compensatory damages claims not at issue here, the state was also a real party in interest for the penalties and forfeiture claims.  Because the state was also a real party at interest, there could be no federal diversity jurisdiction.  Specifically, the court held:

> [A]t this point the Court's diversity calculation must take into account the following parties: (1) the State of Mississippi acting as *parens patriae* and represented by the Mississippi Attorney General, which, at a minimum, is the real party in interest for the forfeiture and penalty claims, (2) Mississippi citizens who, collectively, are the real party in interest for claims seeking compensatory damages under the Mississippi Antitrust Act and (3) the defendants, who are citizens of states other than Mississippi. It is established beyond peradventure that the exercise of subject matter jurisdiction pursuant to *28 U.S.C. § 1332* requires complete diversity between the parties, "[t]hat is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978) (emphasis in original). Furthermore, "[t]here is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda County*, 411 U.S. 693, 717, 93 S. Ct. 1785, 36 L. Ed. 2d 596 (1973). The question, then, is whether Mississippi's lack of citizenship destroys complete diversity and thereby warrants remand.
>
> "Ordinarily, '[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction.'" *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366 (5th Cir. 2006) (quoting *Texas Dep't of Housing and Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir. 1995)). There is an exception when the state is merely a nominal party, but that is not this case. *Id*. ("However, if the State is a nominal party with no real interest in the dispute, its citizenship maybe disregarded.") (footnote omitted). As a result, although the Court finds that Mississippi citizens are real parties in interest with respect to the compensatory damages claims, the Court nevertheless is constrained to hold that it lacks subject matter jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332 because complete diversity is lacking so long as the State of Mississippi also is a real party in interest.

11

*Id.*, at *20-22.

Thus, even if it were true that Plaintiff's Petition sought damages on behalf of consumers thereby making those consumers real parties in interest, this fact would not cause Plaintiff to lose its status as a real party in interest. In other words, the two are not mutually exclusive. And if the State is a real party in interest, which it is, then there can be no federal diversity jurisdiction in this case.

### C. CAFA Excludes From The Definition Of Mass Action Litigation on Behalf of the "General Public"

Notwithstanding Defendants' failure to demonstrate that this case is a mass action or that the case meets minimal diversity requirements, removal was otherwise inappropriate because U.S.C. § 1332(d)(11)(B)(ii) excludes from the definition of "mass action" an action where "all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action . . . ."

All of the claims in the instant case derive from Plaintiff's power to enforce the OCPA – a power given to it by common law and the Oklahoma Legislature. Regardless of the denomination of the various claims contained in the Petition, they all turn on Defendants' manipulation of the gasoline and crude oil markets – statewide markets that the Attorney General is duty-bound to protect.

It is clear that the instant complaint, which attempts to require future compliance by Defendants and seek redress for their past conduct, is about an area of peculiar state

importance and meets the § 1332(d)(11)(B)(ii) requirement of an action on behalf of the general public. Moreover, as shown above, this action is one authorized by state statute and is not brought on behalf of individual claimants. As such, the case is brought on behalf of the general public and is exempted from CAFA's "mass action" definition.

## CONCLUSION

Plaintiff seeks to vindicate public rights, enforce the OCPA, and police its markets. Plaintiff does not seek damages for particular Oklahoma consumers. Therefore, Plaintiff is a real party in interest. Because the State of Oklahoma is the real party in interest, there is no basis for federal diversity jurisdiction. Thus, Plaintiff's motion to remand should be granted.

RESPECTFULLY SUBMITTED,

BY: s/ Henry A. Meyer, III
 Henry A. Meyer, III, OBA No. 6163
 **Henry A. Meyer, III, PLLC**
 116 E. Sheridan, Suite 207
 Oklahoma City, OK 73104
 Phone: 405.702.9900
 Fax:  405.605.8381
 Email: hameyer@meyerleonard.com

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Brian Herrington
Preston Trimble
D. Kent Meyers
Miles Tolbert
David Zott

I hereby certify that on the 18th day of September, 2009, a true and correct copy of this pleading was sent via U.S. Mail to:

| | |
|---|---|
| Thomas A. Bates | William A. Isaacson |
| Assistant Attorney General | Boies, Schiller & Flexner LLP |
| 313 NE 21st Street | 5301 Wisconsin Avenue NW |
| Oklahoma City, OK 73105-3498 | Washington DC 20015 |
| | |
| James F. Kelly | Carlos M. Sires |
| Jeffrey Millar | Boies, Schiller & Flexner LLP |
| Brent Coon & Associates | 401 East Las Olas Boulevard |
| 12201 Big Bend Road, Suite 200 | Suite 1200 |
| St. Louis, Missouri 63122 | Fort Lauderdale, FL 33301 |

                                               s/ Henry A. Myer, III
                                               Henry A. Myer, III